IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERA HARRIS; LATTE HARRIS;
L.H., *a minor*; L.H., *a minor*; DEONA
MITCHELL,

        Plaintiffs,

    v.

CITY OF PORTLAND,

        Defendant.

No. 3:15-cv-00853-HZ

OPINION & ORDER

Tera Harris
2305 SE 130th Ave., Apt. B
Portland, OR 97233

    Pro Se Plaintiff

HERNÁNDEZ, District Judge:

    On May 19, 2015, Tera Harris filed an application to proceed *in forma pauperis* ("IFP") [1], a complaint [2], and a motion for appointment of counsel [3]. For the reasons stated, Harris's

1 - OPINION & ORDER

application to proceed IFP is granted, her motion for appointment of counsel is denied, and her complaint is dismissed. She can, however, file an amended complaint and explain her claims in more detail. The Court provides some additional instructions at the end of this Opinion & Order.

## STANDARDS

In connection with IFP actions such as this, district courts are obligated to dismiss *sua sponte* actions that are frivolous or malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Courts have a duty to liberally construe a *pro se* plaintiff's pleadings, but a court cannot supply essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint must contain a short and plain statement of the claim and factual matters that, if accepted as true, are sufficient to state a facially plausible claim. FED. R. CIV. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citation omitted). A complaint states a plausible claim where the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When a court dismisses a complaint for failure to state a claim, the court should grant leave to amend "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks and citation omitted).

A district court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). There is not, however, a constitutional right to counsel in a civil case, and 28 U.S.C § 1915 does not "authorize the appointment of counsel to involuntary service." United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional

circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate her claims in light of the complexity of the legal issues involved. Id. Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Harris's complaint arises from an undated incident in which she was arrested by an unidentified person, presumably an officer of the Portland Police Bureau. Compl. at 3–4. She alleges that the officer arrested her for "drinking." She claims she "doesn't drink," but admits that a blood test revealed alcohol in her system. Compl. at 4. She alleges that the officer injured her rotator cuff and she suffered a "slap tear." Compl. at 3–4. She also contends that she was held for thirty days, and that an unidentified person or persons "put [her] in the hole," would not allow her to shower or use the phone, and force-fed her medication. Compl. at 4. She claims that her "attorney was calling," but she was not allowed to speak with him. Compl. at 4.

These actions, she alleges, violated her Second, Fourth, Eighth, Ninth, and Fourteenth Amendment rights. The Court construes her allegations as arising under 42 U.S.C. § 1983, as that is avenue by which she can sue a state or local government official for violating her federal constitutional rights. However, she cannot bring a Section 1983 suit directly against a municipality like the City of Portland unless she alleges that the unidentified people in her complaint were acting under an official government policy or custom. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978).

Instead, Harris must attempt to identify the people who allegedly violated her rights.

If she cannot identify the officers by name, she may file a complaint identifying them as "John Doe" defendants. Harris is advised, however, that the Federal Rules of Civil Procedure require that all defendants be personally identified and served with process within 120 days after the complaint is filed. FED. R. CIV. P. 4(m); Benton v. Doe 1, No. 3:13-CV-613-ST, 2013 WL 2038225, at *3 (D. Or. Apr. 19, 2013) report and recommendation adopted, No. 03:13-CV-00613-ST, 2013 WL 2037470 (D. Or. May 14, 2013). The Court can extend this deadline in some circumstances, but she must attempt to identify the names of the officers as soon as possible.

Harris's complaint names Latte Harris, two minor children, and Deona Mitchell as co-plaintiffs. Harris has a right to represent herself (without a lawyer) in federal court. 28 U.S.C. § 1654. However, this right to proceed *pro se* only extends to herself—that means she cannot represent the interests of anyone else involved in this case, including her children.

In sum, Harris's complaint is dismissed for failure to state a claim. She can submit a new, amended complaint that complies with this Order. To state a valid claim, Harris's new complaint should:

1) Identify, by name, the officers involved in the incident;
2) Provide more details about the incident, particularly *when* and *where* these events occurred; and
3) Limit her claims to only those which affected her own rights.

If Harris chooses to submit a new complaint, she must do so within 30 days of the date listed at the end of this Opinion & Order.

Harris's motion for appointment of counsel is denied. In some special cases, a court can appoint pro bono counsel in a civil case. To do so, the court must consider the likelihood of success on the merits and the complexity of the legal issues involved in the case. Palmer, 560 F.3d at 965. As currently stated, Harris's complaint does not contain information sufficient for

4 - OPINION & ORDER

the Court to construe a valid claim, much less to assess the complexity of the legal issues involved or the likelihood of success on the merits. Should Ms. Harris choose to file an amended complaint, she may file another motion for appointment of counsel at that time.

## CONCLUSION

For the reasons stated, Harris's application to proceed in forma pauperis [1] is granted and her IFP status is confirmed. Her complaint [2] is dismissed sua sponte without prejudice for failure to state a cognizable claim, and her motion for appointment of counsel [3] is denied. Ms. Harris shall file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below.

IT IS SO ORDERED.

Dated this \_\_\_7\_\_\_ day of \_\_\_\_July_____, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5 - OPINION & ORDER