IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERA HARRIS,

       Plaintiff,

v.

CITY OF PORTLAND POLICE
DEPARMENT, et al,

       Defendants.

No. 3:15-cv-00853-HZ

OPINION & ORDER

Tera Harris
2305 SE 130th Ave., Apt. B
Portland, OR 97233

    Pro Se Plaintiff

David A. Landrum
City of Portland, Oregon
City Attorney's Office
1211 SW 4th Ave., Room 430
Portland, OR 97204

      Attorney for City Defendants

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Tera Harris brings this suit alleging a variety of constitutional violations arising from three separate encounters she had with officers of the Portland Police Bureau since May of 2013. Harris named as defendants the City of Portland Police Department and numerous Portland Police Officers, including Officers Keller, Maynard, Bruders, Congdon, and Thorsen (collectively "City Defendants"). She also named as defendants Multnomah County Sheriff's Deputies Muth and Hudson (collectively "County Defendants"). The City of Portland now moves to dismiss many, but not all, of Harris's claims.

As explained more fully below, Harris's claims under the Second, Eighth, Ninth, and Fourteenth Amendments against the City Defendants are dismissed with prejudice because those claims fail as a matter of law and any amendment would be futile.

Officer Congdon is dismissed as a defendant because Harris's complaint does not include any allegations about his conduct. The City of Portland Police Department is not a proper defendant and is dismissed; the proper defendant is the City of Portland. Harris may submit an amended complaint that includes allegations against Officer Congdon and against the City of Portland within 30 days. However, a Monell claim against the City must include specific allegations. The Court includes additional instructions about such a claim at the end of this Opinion & Order.

The Court emphasizes that the City Defendants did not move to dismiss Harris's Fourth Amendment claims against the remaining individual Portland Police officers, and those claims continue.

//

//

2 - OPINION & ORDER

BACKGROUND

Harris's complaint is based around three separate contacts with various officers of the City of Portland Police Bureau. Harris alleges that, on May 20, 2013, Officers Kelly and Maynard wrongfully used excessive force against her. Harris claims the officers approached her while she was moving out of her residence; one of the officers allegedly grabbed her arm and Harris began "screaming from the pain." First Amd. Compl. at 3. The officers then placed her in handcuffs and "dragged" her to the patrol car. Another officer arrived on the scene and allegedly confronted the other officers about Harris's arrest, took the handcuffs off of Harris and instructed her to "get in the Uhaul and drive away." First Amd. Compl. at 3. Harris claims her shoulder was in intense pain. She went to the hospital, and was diagnosed with a torn rotator cuff and a so-called "SLAP" tear, or a superior labrum, anterior to posterior tear, from the officer's use of excessive force. Harris claims she has had surgery and therapy for her shoulder, and that doctors have told her she will "probably be disabled for the rest of [her] life." First Amd. Compl. at 3.

On July 5, 2013, Harris alleges that Officers Bruders and Thurman wrongfully arrested her on "false charges." First Amd. Compl. at 5. Harris's complaint describes a verbal dispute between Harris, Harris's daughter, Harris's sister, and Harris's niece that turned physical. Harris claims she was "telling them to stop [because] her arm was in a sling and she was in a lot of pain." First Amd. Compl. at 5. The neighbors called the police about the fight, but when the officers arrived, Harris had apparently moved away from the scrum to her car. Officer Bruders then allegedly "snatched" Harris from the car, and she protested. Officer Bruders apparently told Harris "[y]ou shouldn't have kicked your mother down the stairs." First Amd. Compl. at 6. Officer Bruders "booked" Harris for resisting arrest and disorderly conduct. First Amd. Compl. at 7. Harris notes that Officer Bruders said "nice seeing you again, Mrs. Harris," and that she had

named Officer Bruders in a civil suit alleging excessive force back in 2011.[1] Harris then claims she was held in the Multnomah County Jail for about one week "due to a false police report." Harris states that she "was not engaged in any fight . . . did not resist arrest or have any disorderly conduct [because she was] seated in [her] car." First Amd. Compl. at 6.

  The final incident occurred on July 14, 2014. Harris claims that Officer Thorsen pulled her over for running a red light. Officer Thorsen then allegedly arrested Harris for drunk driving. Harris claims she does not drink, and that Officer Thorsen did not conduct a field sobriety test. Harris alleges Officer Thorsen "snatched" her from her car, "slammed her head on the car," and took to her to East Precinct, where unidentified officers "beat [her] up." First Amd. Compl. at 5. Harris then requested medical treatment, and at some point "blacked out." First Amd. Compl. at 5. When she came to, two paramedics were taking blood from her en route to the hospital. First Amd. Compl. at 5, 7. Then an unidentified officer took her to "booking," where Harris claims she waited through the weekend until she could appear before a judge the following Monday. First Amd. Compl. at 7. Harris claims the judge told the police to release her, but the police continued to hold her for some time. At some point later, Harris alleges that County Defendants Deputies Muth and Hudson grabbed her, forced her to the ground, and Deputy Hudson "jumped off the [unintelligible] down on [Harris's] back with his knees then started grinding his knees in [Harris's] back." First Amd. Compl. at 7. The physical struggle continued, and Harris at some point stated she wanted to press charges. In response, the officers allegedly took her to the "hole" where she spent thirty days. During that time, Harris alleges that officers would not allow her to shower or use the phone, and that her "attorneys were calling" but the officers denied her access to the phone. First Amd. Compl. at 9. While in the hole, Harris alleges she was fed "spoiled sack

---

[1] Harris's previous case, <u>Harris v. City of Portland, et al</u>, Case No. 3:11-cv-01037-ST, was dismissed on May 9, 2012, for failure to prosecute.

lunches" and force-fed medication. First Amd. Compl. at 9. She claims the altercation injured a rib and caused her respiratory difficulties. As a result of this incident, Harris alleges that she lost her home and car, and suffered pain, anxiety, and post-traumatic stress disorder.

Harris filed this suit against the City Defendants and County Defendants. Harris asserts that this Court has both diversity and federal question jurisdiction over her claims. She brings her claims under 42 U.S.C. 1983, and alleges that the Defendants violated her rights under the Second, Fourth, Eighth, Ninth, and Fourteenth Amendments to the federal Constitution. She requests injunctive relief requiring the "City of Portland Police to stop harassing [her] and accusing [her] of things [she has] not done." First Amd. Compl. at 11. She also requests $2.5 million in economic damages for her medical bills, emotional harm, and for the loss of her home and family heirlooms. First Amd. Compl. at 11.

The City Defendants and the County Defendants each moved separately to dismiss some or all of Harris's claims for lack of jurisdiction and for failure to state a claim. This Opinion & Order addresses only the City Defendants' motions to dismiss. See City Defendants' Motion to Dismiss, ECF 22; Defendants Thorsen and Bruders' Motion to Dismiss, ECF 25. The City Defendants argue that the Portland Police Bureau cannot be sued separately from the City of Portland, and that even if the City were substituted as a defendant, Harris's complaint fails to state a claim against the City. As to Harris's alleged mistreatment at the hands of the various Portland Police officers, the City Defendants argue that the facts as alleged cannot support claims under the Second, Eighth, Ninth, and Fourteenth Amendments.

STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) asks the court to test the sufficiency of a party's claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

2001). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). The court is not, however, required to assume the truth of mere conclusory allegations. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). A complaint that alleges grounds for relief based on nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the plaintiff's pleaded facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The complaint's well-pleaded facts must "permit the court to infer more than a mere possibility of misconduct[.]" Id. at 679.

When a court dismisses a complaint for failure to state a claim, the court should grant leave to amend "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks and citation omitted).

## DISCUSSION

1. **Diversity and Federal Question Jurisdiction**

The Court first notes that Harris's complaint is properly construed as invoking the Court's federal question jurisdiction because she alleges violations of her federal constitutional rights. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court does

not have diversity jurisdiction over Harris's claims because diversity jurisdiction only applies where the plaintiff and all of the defendants are citizens of different states. 28 U.S.C. § 1332(a). Harris's complaint shows that each named party has an address in Portland, Oregon. Therefore, the Court has only federal question, not diversity, jurisdiction over this case.

 2. **Harris's Fourth, Eighth, and Fourteenth Amendment Claims**

The Court next addresses whether Harris's claims against the individual City Defendants are properly brought under the Fourth, Eighth, or Fourteenth Amendment.

Harris alleges that Portland Police officers subjected her to excessive force (Claim I) and false arrest (Claims II and III). Harris's false arrest claims are properly brought under the Fourth, not Fourteenth, Amendment. Lukens v. Portland Police Bureau, No. 3:11-CV-00827-MO, 2011 WL 5999376, at *2 (D. Or. Nov. 29, 2011) (citing Larson v. Neimi, 9 F.3d 1397, 1400–01 (9th Cir. 1993) ("Fourth Amendment, rather than general due process, standards appl[y] to claims of unconstitutional seizures of the person.... [W]e continue to hold that Fourth Amendment standards must be used when a person asserts that a public official has illegally seized him."); Pullen-Hughes v. City of Portland, Or., No. 3:11-CV-01271-PK, 2011 WL 7646236, at *3 (D. Or. Nov. 2, 2011) report and recommendation adopted sub nom. Pullen-Hughes v. City of Portland, No. 3:11-CV-01271-PK, 2012 WL 1116458 (D. Or. Apr. 2, 2012) (explaining that "[f]alse arrest in violation of a plaintiff's Fourth Amendment [r]ights requires the plaintiff to demonstrate that there was no probable cause to arrest her.") (quotation and citation omitted).

Whether an excessive force claim is properly brought under the Fourth, Eighth, or Fourteenth Amendment depends on what stage in the criminal process the alleged incident occurred. Low v. Stanton, No. CIV S052211MCEDADP, 2009 WL 467584, at *4 (E.D. Cal. Feb. 25, 2009) report and recommendation adopted, No. 2:05-CV02211MCEDADP, 2009 WL

7 - OPINION & ORDER

921440 (E.D. Cal. Mar. 30, 2009) (citing Pierce v. Multnomah County, Or., 76 F.3d 1032, 1042 (9th Cir. 1996). The Fourth Amendment applies to excessive force during an arrest or an investigatory stop. Id. The Fourteenth Amendment Due Process standard applies after an individual has been arraigned. Id. The Eighth Amendment only comes into play after an individual has been convicted of a crime. Id.

The facts alleged in Harris's complaint and in response to the City's motion to dismiss indicate that her claims against the City Defendants arise under the Fourth Amendment, because the alleged excessive force happened while she was being arrested or detained. Harris does allege that she appeared before a judge at some point in 2014, but it is not clear if she was arraigned or convicted of crime. What is clear, however, is that she does not allege that any of the City Defendants used excessive force against her after she was arrested. In other words, she does not allege facts that could support an Eighth or Fourteenth Amendment claim against any of the City Defendants. The only individuals Harris alleges violated her rights after appearing before a judge are County Defendants Deputy Muth and Deputy Hudson.[2]

Accordingly, Harris's Eighth and Fourteenth Amendment claims against the City Defendants are dismissed. Additionally, those claims are dismissed with prejudice because Harris has now had three opportunities to explain the facts of her case, and it is evident that further amendment would not cure the deficiencies in these claims. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

The Court emphasizes, however, that Harris's complaint contains sufficient factual allegations to state a claim under the Fourth Amendment, and therefore her Fourth Amendment claims against the Officers Keller, Maynard, Bruders, and Thorsen continue.

---

[2] As explained above, the Court addresses the County defendants in a separate Opinion & Order.

Harris names Officer Congdon as a defendant, but her First Amended Complaint does not contain any factual allegations against Officer Congdon or explain his role in the events in any way. A defendant must have personally participated in actions depriving an individual of his or her rights to be liable under 42 U.S.C. § 1983. Howard v. Oregon Dep't of Corr., No. 6:10-CV-06390-AA, 2013 WL 4786483, at *3 (D. Or. Sept. 5, 2013) aff'd, 603 F. App'x 633 (9th Cir. 2015) ("Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim."). In her response, Harris states only that "Officer Bruders . . . and Officer Congdon . . . wrongfully arrested me on false charges." Pl. Resp. at 1, ECF 29. But her complaint states that Officer Bruders arrested her, and Harris's conclusory statement about Officer Congdon's conduct in her response is not sufficient to state a claim against him. While Harris's inability to allege any additional facts about Officer Congdon suggests to the Court that he should be dismissed from the case altogether, out of an abundance of caution, the Court declines to dismiss Officer Congdon as a defendant at this time. Instead, the Court grants Harris leave to amend her complaint to allege further details about Officer Congdon's conduct, if she so desires.

3. **Harris's Second Amendment Claims**

The Second Amendment to the federal Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Harris does not allege any facts in her First Amended Complaint that suggest any of the City Defendants violated her rights under the Second Amendment. Her response to the City's motion is similarly missing any facts from which the Court can construe any possible claim under the Second Amendment. Therefore, Harris's Second Amendment claims are dismissed with prejudice, because Harris has now had three

opportunities to explain the basis for her claims and has failed to allege any facts that could support a Second Amendment claim. Lopez, 203 F.3d at 1130.

   4. **Harris's Ninth Amendment Claims**

The Ninth Amendment to the federal Constitution provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991). "It is a common error, but an error nonetheless, to talk of '[N]inth [A]mendment rights.' The [N]inth [A]mendment is not a source of rights as such; it is simply a rule about how to read the Constitution." San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (quotation omitted). Harris's Ninth Amendment claims are dismissed with prejudice. See United States v. Bacon, No. 05-CR-333-BR, 2007 WL 543439, at *4 (D. Or. Feb. 15, 2007).

   5. **Portland Police Bureau, City of Portland, and Monell claims**

Harris's complaint names the City of Portland Police Department as a defendant. An individual can only bring a claim for civil rights violations under 42 U.S.C. § 1983 against a "person" who acted under color of state law. Local governmental units, such as counties or municipalities, can be sued as a "person" under Section 1983 if "action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). Other government departments or entities can only be sued if they are intended to be separate and distinct legal entities. Lukens, 2011 WL 5999376 at *2 (citing Hervey v. Estes, 65 F.3d 784, 792 (9th Cir. 1995). "[T]he Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit. It is merely the vehicle

through which the city fulfills its police functions." Id. *2. Therefore, the Portland Police Bureau is not a proper defendant, and is dismissed.

The proper defendant is the City of Portland. If Harris wishes to sue the City, she must submit an amended complaint that names the City of Portland as a defendant. In her Response, Harris attempted to state a Monell claim against the City of Portland. She writes that "the municipal defendants . . . have caused . . . similar excessive actions" and that the City's "fail[ure] to train, supervise, or discipline its deputies . . . thus evinc[es]  deliberate indifference to the Plaintiff[']s constitutional rights." Pl. Resp. at 2. But those allegations must be made in a complaint, not in a response. Again, Harris is granted leave to amend her complaint to add the City of Portland as a defendant, should she so choose.

The Court adds the following instructions that Harris must consider if she wishes to amend her complaint and sue the City of Portland. A municipality is not liable simply because it employs a person who violates an individual's constitutional rights. Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). A government entity such as the City of Portland may not be held liable under Section 1983 unless a municipal policy, practice, or custom was the moving force behind a violation of constitutional rights. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). To state a valid Monell claim, a plaintiff must plead facts showing "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Id. (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

A municipality is liable for inadequate police training only if "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," meaning the plaintiff must show the municipality made a "conscious" or "deliberate" choice to disregard the need for training. Flores v. Cty. of Los Angeles, 758 F.3d 1154, 1158 (9th Cir. 2014) (citations omitted). Moreover, the Ninth Circuit has held that "evidence of the failure to train a single officer is insufficient to establish a municipality's deliberate policy." Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir.2007).

Even assuming the allegations in Harris's response are true, she does not include any facts that could support a Monell claim against the City of Portland for failure to train its police officers in excessive force or proper arrests. See Pl. Resp. at 2 ("the municipal defendants . . . have caused . . . similar excessive actions" and that the City's "fail[ure] to train, supervise, or discipline its deputies . . . thus evinc[es] deliberate indifference to the Plaintiff[']s constitutional rights."). Harris's "allegations" are just a repetition of the elements of a Monell claim for failure to train, and that is not sufficient to state a claim. See Dougherty, 654 F.3d 892, 900 (9th Cir. 2011) (dismissing a pro se plaintiff's Monell claims because they "lack[ed] any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' that the Supreme Court has deemed insufficient to state a claim.") (quoting Twombly, 550 U.S. at 555). If Harris wishes to submit an amended complaint and sue the City, she must include factual allegations to support her Monell claims.

CONCLUSION

For the reasons stated, the City Defendants' motions to dismiss [22] and [25] are GRANTED in part and DENIED in part. Harris's claims against the City Defendants under the Second, Eighth, Ninth, and Fourteenth Amendments are dismissed with prejudice. Harris's

claims against Officer Congdon are also dismissed, with leave to amend. Harris's Fourth Amendment claims against the remaining individual City Defendants survive.

The Portland Police Bureau is dismissed. Harris may, if she so desires, submit an amended complaint which includes factual allegations against Officer Congdon, names the City of Portland as a Defendant, and addresses the deficiencies of her <u>Monell</u> claims identified in this Opinion & Order within 30 days of the date below.

IT IS SO ORDERED.

Dated this 24 day of February, 2016.

MARCO A. HERNÁNDEZ
United States District Judge