IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERA HARRIS,

                    Plaintiff,

      v.

CITY OF PORTLAND POLICE
DEPARTMENT, ET AL,

                    Defendants.

No. 3:15-cv-00853-HZ

OPINION & ORDER

Tera Harris
5430 SE 119th Ave.
Portland, OR 97206

        Pro Se Plaintiff

Jenny M. Madkour, County Attorney
For Multnomah County, Oregon
Jacqueline S. Kamins
Assistant County Attorneys
501 SE Hawthorne Blvd., Suite 500
Portland, OR 97214

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Pro se Plaintiff Tera Harris filed this suit against the City of Portland Police Department,

several individual police officers, and two Multnomah County Sheriff's Deputies, alleging

violations of her constitutional rights. Deputies Chris Hudson and Wendy Muth (collectively

"County Defendants") now move to dismiss Harris's claims for lack of subject matter

jurisdiction, and failure to demand relief.[1] I deny the motion.

## BACKGROUND

      Harris's complaint arises from three incidents which occurred between May and July of

2013. The first occurred on May 20, 2013—Harris alleges that she suffered injuries after

Portland Police Officers Lawrence Keller and Phillip Maynard used "excessive force" while

briefly detaining her. Am. Compl. at 3–4, ECF No. 9. On July 5, 2013, Harris claims that

Officers Bruders and Thurman wrongfully arrested her following a fight at her sister's residence.

Am. Compl. at 5. Then, on July 14, 2013, Officer Thorsen arrested Harris for "drunk driving"

after she ran a red light. Am. Compl. at 5–7. Following her arrest, she claims she was taken to

Multnomah County Jail, where Deputies Hudson and Muth "forced [her] to the ground" during

booking. Am. Compl. at 7. Deputy Hudson then jumped on her, while "Deputy Muth and other

deputies held [her] down." Am. Compl. at 7–8. Subsequently, she was held at the Jail for

---

[1] Here, the Court is addressing Harris's claims against the County Defendants. Her claims against the City
Defendants are addressed in a separate Opinion & Order.

approximately thirty days, where unidentified officers allegedly beat and tased her, force-fed her medication, and prevented Harris from speaking to her attorney. Am. Compl. at 8–9.

On May 19, 2015, Harris filed an application to proceed *in forma pauperis* ("IFP"), a complaint, and a motion for appointment of counsel. The Court granted Harris permission to proceed IFP, but denied her motion for appointment of counsel and dismissed her complaint *sua sponte* without prejudice for failure to state a cognizable claim. Harris submitted an amended complaint which the County Defendants now move to dismiss.

## STANDARDS

### A.  Federal Rule Civil Procedure 12(b)(1) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses a court's subject matter jurisdiction. According to this rule, the moving party may raise a "facial" or "factual" attack. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that allegations are insufficient on their face to invoke federal jurisdiction. Id. A district court resolves facial attacks as it would under Rule 12(b)(6), where the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. Leite v. Crane Co., 749 F.3d 1117, 1119 (9th Cir. 2014). In a factual attack, the moving party disputes factual allegations and may introduce evidence to support their motion. Id.; see also Dreier v. U.S., 106 F.3d 844, 847 (9th Cir. 1996) (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

### B.  Pleadings & Amendments – Rule 8(a)(3), 15(a)(2)

"A complaint is completed by a demand for relief." Pierce v. Wagner, 134 F.2d 958, 960 (9th Cir. 1943). Non-conforming pleadings may be amended with the opposing party's written

consent, or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts should grant leave to amend when

justice requires, but a court need not grant leave to amend when the amendment "(1) prejudices

the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

Futility can, by itself, justify denial of a motion for leave to amend. Gonzalez v. Planned

Parenthood of Los Angeles, 759 F.3d 1112, 1116 (9th Cir. 2014). Amendment is futile "only if

no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense."

Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

DISCUSSION

The County Defendants move to dismiss Harris's claims for lack of subject matter

jurisdiction and for failure to state a claim. The County Defendants argue that this Court lacks

subject matter jurisdiction because Harris "only alleges negligence claims against the County

Defendants." Defs. Reply at 3. They also maintain that Harris fails to state a claim against them

because "the entirety of the requested relief is directed at the City Defendants." Defs. Reply at 5.

I.       Subject Matter Jurisdiction

The County Defendants raise a facial challenge to Harris's complaint, as they do not

contest the truthfulness of Harris's statements. Defs. Reply at 3 ("Plaintiff… only alleges

negligence claims against the County Defendants."). In assessing the County Defendants' facial

attack, the Court must accept all material facts in Harris's complaint as true, and construe them

in a light most favorable to her. Leite, 749 F.3d at 1119. Moreover, because Harris is pro se, the

Court is obligated to liberally construe her complaint. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th

Cir. 1985). Harris's complaint clearly invokes 42 U.S.C. § 1983 and asserts violations of her

Second, Fourth, Eighth, Ninth, and Fourteenth Amendments. Am. Compl. at 3. Specifically,

Harris states that Deputies Hudson and Muth "forced [her] to the ground," whereupon Deputy Hudson jumped on her and "started grinding his knees in [her] back." Am. Compl. at 7–8. Although it is not entirely clear at what stage in criminal proceedings the events with Deputies Hudson and Muth occurred, they implicate Harris's rights under at least one of the Fourth, Eighth, or Fourteenth Amendments. Bustamante v. Roman, No. CV 080116-PHX-DGCJRI, 2008 WL 622021, at *2 (D. Ariz. Mar. 5, 2008) ("The Fourth Amendment applies to excessive force claims by pretrial detainees, while the Eighth Amendment applies to excessive force claims of convicted inmates") (citing Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003); Hudson v. McMillian, 503 U.S. 1, 7 (1992); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)). Obviously, the Court has federal question jurisdiction in matters concerning the Fourth, Eighth, and Fourteenth Amendments. Thus, the County Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

II.    Failure to Demand Relief

The County Defendants further assert that the entirety of Harris's requested relief is aimed at the City Defendants, therefore, she cannot maintain a case against the them. Defs. Reply at 5. In her complaint, Harris requests that "the courts file an injunction to the City of Portland Police," and for "the City of Portland to pay for my medical bills…" but she does not request relief from any County Defendant specifically. Am. Compl. at 11. However, she makes a general request for $2.5 million dollars at the very end of her complaint. Id. In liberally construing Harris's pro se complaint, it is not a stretch to interpret her request for $2.5 million dollars as being leveled at all defendants. Consequently, the County Defendants' motion to dismiss for failure to demand relief is denied.

//

III.    Oregon Tort Claims Act

Next, the County Defendants argue that because Harris failed to provide notice of her claims pursuant to the Oregon Tort Claims Act, the "negligence claims in Claim Three of her complaint against the County Defendants must be dismissed." Defs. Reply at 4. Indeed, failure to plead that notice of claims was given in accordance with the OTCA subjects a complaint to dismissal. Halseth v. Deines, No. CIV. 04-196-AS, 2004 WL 1919994, at *3 (D. Or. Aug. 26, 2004). However, Harris makes only constitutional claims in her Amended Complaint. Am. Compl. at 7–9. She references a negligence claim in her Response (see Pl. Resp. at 2), but those allegations must be made in a complaint. Further, her failure to comply with the OTCA would not affect her federal claims. Halseth, 2004 WL 1919994, at *4 (holding that OTCA notice requirements do not apply to claims based on Section 1983.); see also Baumgarner v. Cmty Servs., Inc., 992 F. Supp. 2d 1081, citing Felder v. Casey, 487 U.S. 131 (1988) (reversing on the ground that the notice requirement of a Wisconsin state notice-of-claim statute was "pre-empted as inconsistent with federal law").

IV.    Second & Ninth Amendment Claims

Finally, Harris alleges that her Second and Ninth Amendment rights were violated. Am. Compl. at 3. The Second Amendment to the federal Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Harris does not allege any facts in any of her pleadings that suggest any of the County Defendants violated her rights under the Second Amendment. Harris has now had three opportunities to explain the basis for her claims and has failed to allege any facts that could support a Second Amendment claim. Therefore, Harris's Second Amendment claims are dismissed with prejudice, as it is evident that further amendment

would not cure the deficiencies in these claims. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

2000); see also Robinson v. SAIF, No. 3:12-CV-00120-MO, 2012 WL 3313216, at *1 (D. Or.

Aug. 10, 2012) (dismissing pro se plaintiff's claims sua sponte for failure to state a claim) (citing

Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987)). The Ninth Amendment to

the federal Constitution provides: "The enumeration in the Constitution of certain rights, shall

not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The

Ninth Amendment "has not been interpreted as independently securing any constitutional rights

for purposes of making out a constitutional violation." Schowengerdt v. United States, 944 F.2d

483, 490 (9th Cir. 1991). "It is a common error, but an error nonetheless, to talk of '[N]inth

[A]mendment rights.' The [N]inth [A]mendment is not a source of rights as such; it is simply a

rule about how to read the Constitution." San Diego County Gun Rights Comm. V. Reno, 98

F.3d 1121, 1125 (9th Cir. 1996) (quotation omitted). As a result, Harris's Ninth Amendment

claims are also dismissed with prejudice. See United States v. Bacon, No. 05-CR-333-BR, 2007

WL 543439, at *4 (D. Or. Feb. 15, 2007); Robinson, 2012 WL 3313216 at *1.

//

//

//

//

//

//

//

//

//

CONCLUSION

For the aforementioned reasons, the County Defendants' motion to dismiss [20] for lack of subject matter jurisdiction and failure to demand relief is DENIED. Harris's claims under the Second and Ninth Amendment are dismissed *sua sponte* for failure to state a claim.


IT IS SO ORDERED.


Dated this ____8____ day of _____March_____, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge