IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TERA HARRIS,                                     No. 3:15-cv-00853-HZ

        Plaintiff,                            OPINION & ORDER

    v.

CITY OF PORTLAND POLICE
DEPARTMENT, et al.,

        Defendants.


Tera Harris
5430 SE 119th Ave.
Portland, Oregon 97266

      Pro Se Plaintiff

//


1 - OPINION & ORDER

David A. Landrum
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, Oregon 97204

       Attorney for City Defendants

Jacqueline Sadker Kamins
Assistant County Attorneys
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214

       Attorney for County Defendants

HERNÁNDEZ, District Judge:

Before the Court is City Defendants' motion pursuant to Rule 37 of the Federal Rules of

Civil Procedure to compel a discovery response from Plaintiff. The parties certified that they

have made good faith efforts to resolve this dispute and have been unable to do so. City

Defendants claim that Plaintiff has submitted incomplete responses to their requests for medical

records relating to Plaintiff's alleged injuries. City Defendants seek a court order compelling

Plaintiff to provide a complete response to their May 10, 2016, First Request for Production. The

Motion is GRANTED.

BACKGROUND

This case arises out of several interactions that Plaintiff has had with law enforcement

where she alleges, in relevant part, that Defendants used excessive force on her causing her

injuries. On May 10, 2016, City Defendants submitted their First Request for Production which

requested several forms of medical evidence including: "Copies of all medical reports, medical

records, medical charts, hospital records or other medical documentation relating to the injuries

claimed by plaintiff in the Amended Complaint." Landrum Decl. Ex. 1, ECF 120. The First

Request for Production also requested: "Copies of all pre-incident medical reports, records and

chart notes relating to the examination or treatment of any part of the body which is now claimed in plaintiff's Amended Complaint to be injured as a result of one of the three [of] the subject incidents alleged in the Amended Complaint." Id. at 2. City Defendants claim that pages are missing from various medical records and certain medical providers were not included in Plaintiff's responses. Mot. to Compel at 4, ECF 119. Counsel for City Defendants raised the issue of incomplete production with Plaintiff's former counsel and Plaintiff once she proceeded pro se. Id. at 5; Landrum Decl. ¶¶ 13–14. Specifically, City Defendants sent several medical releases to Plaintiff in an effort to complete discovery and Plaintiff refused to sign the medical releases. City Defendants request that the "Court order Plaintiff to provide signed releases no later than January 30, 2017, in order to provide sufficient time for Defendants to obtain responsive documents before the April 4, 2017 trial date." Mot. to Compel at 6.

Plaintiff objects to the Motion, arguing that the requests for production are unduly burdensome and duplicative. Pl. Obj. at 2–3, ECF 124.

STANDARD

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move to compel discovery where the non-movant "fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34. Fed. R. Civ. P. 34(a)(3)(B)(iv). Parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence. District courts have broad discretion in determining relevancy for discovery purposes." Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation marks and citations omitted).

3 - OPINION & ORDER

DISCUSSION

The Court finds that, pursuant to Rules 26 and 37, Defendants are entitled to complete responses to their First Request for Production. Plaintiff alleges that she was injured as the result of Defendants' use of excessive force on her. The requested medical documentation related to those alleged injuries and is highly relevant to this case. Moreover, Plaintiff's objections to the Motion are largely non-responsive and unsupported. Plaintiff's assertion that that she has no pre-existing injuries does not relieve her of her discovery obligations. Further, Plaintiff's generalized arguments that City Defendants' request is burdensome, cumulative, or duplicative are unsupported by her exhibits. Accordingly, the Court overrules her objections and orders Plaintiff to provide the signed medical release to City Defendants no later than February 20, 2017 .

CONCLUSION

City Defendants' Motion to Compel [119] is GRANTED. Plaintiff is ORDERED to provide a complete response to City Defendants' May 10, 2016, First Request for Production by providing the requested signed medical releases to City Defendants no later than February 20, 2017.

Dated this _8_ day of ___Feb_____, 2017.


_____
MARCO A. HERNÁNDEZ
United States District Judge

4 - OPINION & ORDER